## UNITED STATES DISTRICT COURT

## WESTERN  DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE MCCARTY  and** | § | |
| **DEBRA MCCARTY** | § | |
| | § | **CIVIL ACTION NO:** |
| *Plaintiffs* | § | |
| **v.** | § | |
| | § | |
| **JAYCO, INC., CAMPING WORLD RV** | § | |
| **SALES, LLC and LEXINGTON** | § | |
| **INSURANCE  COMPANY** | § | |
| | § | |
| *Defendants* | § | **JURY TRIAL REQUESTED** |
| | § | |

## <u>COMPLAINT</u>

### I.    Parties

1.      Plaintiffs, George McCarty and Debra McCarty, husband and wife, now and have been at all times material hereto married to each other, and are citizens and residents of the State of Louisiana, domiciled at 689 Sandy Hill Road, West Monroe, Ouachita Parish, Louisiana 71292;

2.      Defendant, Jayco,  Inc. of Indiana, (hereinafter "Jayco"), is an Indiana  corporation domiciled at and whose principal business address is 903 South Main Street, Middlebury, Indiana 46540,  authorized to do and doing business in the State of Louisiana, whose agent for service of process is C T  Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

3.      Defendant, Camping World RV Sales, LLC, (hereinafter "Camping World "), is a Louisiana limited liability company domiciled at 90 S. 7th Street, #5500, Minneapolis, MN 55402, whose agent for service of process is CT Corporation System, 3867 Plaza Tower Dr, Baton Rouge, LA 70816;

4.      Defendant, Lexington Insurance Company (hereinafter "Lexington"), is an insurance company organized under the laws of the State of Delaware, domiciled at 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808, authorized to do business in the State of Louisiana, whose agent for service of process is the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.   Jurisdiction

### A. Diversity of citizenship.

5.      This Court has jurisdiction over this controversy or cause of action because the plaintiffs are residing in the State of Louisiana; defendant, Jayco, Inc. of Indiana, (hereinafter "Jayco"), is an Indiana corporation with its principal business address is 903 South Main Street, Middlebury, Indiana 46540; defendant, Camping World RV Sales, LLC, is a limited liability company organized under the laws of the State of Minnesota with its principal business office at 250 Parkway Drive, Suite 270, Lincolnshire, Illinois; its manager is listed as residing in Lincolnshire, Illinois; internet research has shown that its owners are corporations organized and domiciled in states of the United States other than Louisiana; defendant Lexington Insurance Company is an insurance company organized under the laws of the State of Delaware, domiciled at 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808.

### B. Magnuson-Moss Warranty Act

6.      This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d) because, pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), and other causes of action set forth herein, defendants are liable for a return of the purchase price, and expenses surrounding the sale, and defendants are also

liable for attorney's fees and damages, including general damages.  Under the MMWA, plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail; the purchase price, plus all other damages are as follows:

1. The sales price of the 2018 Jayco Eagle Fifth wheel  was $53,356.00;

2. An additional expense surrounding the sale was sales tax of $5,863.82

3. An additional expense surrounding the sale was a charge for GAP insurance for $1,495.00.00;

4. Tire and wheel protection of $1095.00 was added to the sales price;

5. Paint Protection of $1995.00 was added to the sales price;

6. A document fee of $99.00 was added to the sales price;

7. The complainants have entered into a contingency fee contract of at least 30% with undersigned counsel, with expected attorney's fees exceeding $25,000.00;

8. The complainants have chosen a return of their purchase price back under the Magnuson-Moss Warranty Act.   Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202.

### C. Supplemental jurisdiction over State Law Claims

7. Although this complaint meets the requirements under 28 USC § 1331 for jurisdiction in that this dispute involves predominant issues of federal law, declaratory relief is available pursuant to 28 USC §§ 2201 and 2202, AND the court has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution; those state law claims include redhibition, general damages, including damages for mental anguish, humiliation, and inconvenience under Louisiana Civil Code Article 1998, and

negligent repair which provide for damage categories that are in addition to Magnuson-Moss Warranty Act damages.

### III.  Venue

8.      Venue is proper in this district under 28 U .S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

### IV. Conditions Precedent

9.      All conditions precedents have been performed or have occurred.

### V.    Facts

#### A.  The Transaction

10.      On Match 2, 2018, Plaintiffs purchased a new 2018 Eagle 336FBOK Fifth wheel travel trailer, VIN 1UJCJ0BV6J1WL0166 (hereinafter "travel trailer") from defendant Camping World RV Sales, LLC, in Bossier City, Louisiana.  The travel trailer was purchased primarily for Plaintiffs' personal use.  The sales contract was presented to Plaintiffs at the dealership (Camping World) and was executed at the dealership (Camping World).

11.      The sales price of the travel trailer was $53,356.00, excluding finance charges and sales tax.  Plaintiffs made a down payment in the amount of $6,100.00.  The total cost of the travel trailer to Plaintiffs over the life of the loan including finance charges will be $136,535.20.

#### B.   Implied Warranties

12.      As a result of the sale of the travel trailer by Defendant Camping World to Plaintiffs, an implied warranty of merchantability and fitness for a particular purpose arose in the transaction which included the guarantee from Jayco and Camping World that the travel trailer would pass

without objection in the trade under the contract description; and that the travel trailer was fit for the ordinary purpose for which such vehicles are purchased.

13.     Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants.  Specifically, Defendants Jayco and Camping World impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.     Express Warranties

14.     In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made by Jayco and Camping World, including, that any malfunction in the  occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the travel trailer had, in fact, repaired the defects.

15.     Plaintiffs' purchase of the travel trailer was  accompanied by express warranties offered by Defendants Jayco and Camping World and extending to Plaintiffs.  These warranties were part of the basis of the bargain of Plaintiffs' contract for purchase of the travel trailer.

16.     The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the travel trailer's warranty booklet and owner's manual.

### D.     Actionable Conduct

17.     In fact, when delivered, the travel trailer  was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Within the first few

weeks after purchase, Plaintiffs began experiencing defective conditions with the travel trailer. Many defective conditions have occurred since purchase and within the warranty period, and many of them occurring within one year of the filing of this Complaint, including, but not limited to:

   a.   No trailer lights, because of short in plug when harness was plugged in.

   b.   Kitchen slideout not working right which required resetting the control board at least twice;

   c.   A screw sticking up at the top of the stairs, which had to be reinstalled;

   d.   One of the straps securing the dinette chair had to be repaired.

   e.   Rear leveling jack starts pushing out at an angel when used;

   f.   Slide hitch doesn't slide right;

   g.   Closet door near bathroom has a gap;

   h.   Bedroom a/c not working correctly;

   i.   Slideout operation damaged the floor;

   j.   Gap in metal floor of wheel well caused by loose staples;

   k.   Stainless steel door filled with insulation preventing screws from securing the metal skin of the door;

   l.   Piece of foam slicking out of rear driver's side slideout;

   m.   Front slideout extrusion requiring repair and replacement of decals;

   n.   Recall TSB #18-003 performed regarding furnace wires to be checked for melting or touching exhaust pipe, requiring sleeve be installed on exhaust;

   o.   Living room balance hanging down;

   p.   Kitchen slide again not going in and out properly; moving crooked, requiring control board be reset again;

   q.   Refrigerator not running off the inverter;

r.      Nothing in the refrigerator slide room works;

s.      Refrigerator lock not working;

t.      Inverter generally not working;

u.      Bubble in exterior front requiring sealing as well as front seam, satellite, antenna, lady, plumbing vents, and other penetrations;

v.      Water leaks;

w.      Decals on slide out needing to be replaced;

x.      Mismatched decals installed on travel trailer;

y.      Excessive repair times, including cumulative repair times in excess of 7 months during plaintiffs' period of ownership.

18.      Since purchase, Plaintiffs have returned the travel trailer to Defendant Camping World, Jayco's authorized dealer and repair facility; on numerous occasions within the warranty period and within one year of the date of the filing of this Complaint.  Despite this prolonged period during which Defendants Jayco and Camping World  were given the opportunity to repair the travel trailer, the more significant and dangerous conditions were not repaired.  Defendants Jayco and Camping World failed to repair the travel trailer so as to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the travel trailer  continues to this day to exhibit some or all of the non-conformities described herein.  As of the filing of this complaint, the trailer remains at Camping World in Bossier City, Louisiana, for the last several months.

19.      The defects experienced by Plaintiffs with the travel trailer substantially impaired its use, value and safety.

20.       Plaintiffs directly notified Jayco, Inc. and Camping World and  each of them of the defective conditions of the travel trailer on numerous occasions.  Plaintiffs notified Defendants

Jayco and Camping World that they wanted a rescission of the sale of the travel trailer but Defendants Jayco and Camping World have failed and refused to buy back Plaintiffs' defective travel trailer.

### Count 1:  Violations of the Louisiana Redhibition Laws

21.     Plaintiffs re-allege and incorporate\ by reference herein each and every allegation set forth in the preceding paragraphs.

22.     The travel trailer is a "thing" under La. Civil Code Articles 2520, *et seq.*

23.     Jayco, Inc. is a "manufacturer" under La. Civil Code Articles 2520, *et seq.*

24.     Camping World RV Sales, LLC is a "seller" under La. Civil Code Articles 2520, *et seq.*

25.     Plaintiffs are each a "buyer" under in La. Civil Code Articles 2520, *et seq.*

26.     The defects described in the travel trailer meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, *et seq.*

27.     Plaintiffs have provided the Defendants sufficient opportunity to repair their defective travel trailer.

28.     Plaintiffs have performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

29.     The hidden defects in the travel trailer existed at the time of sale, but were not discovered until after delivery.  The travel trailer is not usable or its use is so inconvenient that neither Plaintiffs nor a reasonably prudent buyer would have purchased it had they known of the defects prior to the sale.

30.     Furthermore, Defendants Jayco and Camping World failed to perform the repair work in a good and workmanlike manner. This conduct by those Defendants constitutes a breach of the implied warranties under Louisiana law, and entitles Plaintiffs to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

31.     Under Louisiana Redhibition laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of the sale price, costs and expenses surrounding the sales, expenses for preservation of the vehicle, including insurance costs, general damages, and attorney's fees, if Plaintiffs prevail.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

32.     At all times material hereto, Lexington Insurance Company had issued a policy of liability insurance in favor of defendant, Jayco, Inc. of Indiana, which may cover part or all of the claims of the Plaintiffs, and may compensate Plaintiffs for all or part of the damages sought from defendant, Jayco, Inc. of Indiana, as set forth in their Complaint.

33.     Lexington is liable unto Plaintiffs for any damages that may be awarded against Defendants Jayco and Camping World, for part or all damages claimed therein, or to be awarded by this Honorable Court, and Plaintiffs request that Lexington be cast in judgment, *in solido*, for the same damages.

## Count 2:  Violation of the Magnuson-Moss Warranty Act

34.     Plaintiffs re-allege and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

35.     Plaintiffs each are a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

36.     Defendants, Jayco and Camping World RV Sales, are  "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

37.     The travel trailer is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

38.     The express warranties pertaining to the travel trailer are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

39.     The actions of Defendants in failing to tender the travel trailer to Plaintiffs free of defects and refusing to repair or replace the defective  constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

40.     Plaintiffs have performed all things agreed to and required of them under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

41.     As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth hereinabove, Plaintiffs have been damaged in an amount in excess of $50,000.00 according to proof at trial.

42.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### Count 3:  Negligent Repair

43.     Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.  For purposes of this cause of action, the word  "Defendants" refers to Jayco and Camping World RV Sales.

44.     On numerous occasions after the sale, Plaintiffs delivered the travel trailer  to Defendants or other authorized repair facility for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

45.     On each such occasion, Plaintiffs  are informed and believe, and thereupon allege, that Defendants attempted the repairs of the travel trailer pursuant to their obligations under the express and implied warranties.  Defendants owed a duty of care to Plaintiffs to perform those repairs on the travel trailer in a good and workmanlike manner within a reasonable time.  Further, Defendants have a "high duty" to detect and correct defects when consumers such as the Plaintiffs are subject to the warranty repair system initiated by Defendant. The Defendants breached this duty to Plaintiffs.

46.     Defendants'  attempted repairs of Plaintiffs' travel trailer were done so negligently, carelessly, and recklessly as to substantially impair the travel trailer's use, value, and safety in its

operation and use.  At no time did any repair attempt on Plaintiffs' travel trailer fully and completely repair the travel trailer, nor were many of the defective conditions fixed or significantly improved by the Defendants' repair attempts.  Nonetheless, each time Plaintiffs picked up the travel trailer after the Defendants' repair attempts, Defendants represented to Plaintiffs that the repairs were complete, and Plaintiffs relied upon these statements by the Defendants.

47.     As a direct and proximate result of Defendant's negligent failure to repair the travel trailer within a reasonable time or within a reasonable number of attempts, Plaintiffs have been unable to fully utilize the travel trailer for weeks at a time.  As a further direct and proximate result of Defendants' failure to repair the travel trailer  in a timely and workmanlike fashion, Plaintiffs were forced repeatedly to take the travel trailer in for further repair and also were required on one occasion to leave the travel trailer for long periods of time for repairs, at great inconvenience to Plaintiffs.

48.     The damages Plaintiffs has suffered as a direct and proximate result of Defendants' negligence exceed $50,000.00.

**Count 4: Violations of the Louisiana Unfair Trade and Consumer Protection Law**

49.     Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

50.     Plaintiffs are each a "consumer" within the meaning of La RS 51:1402 (1);

51.     The purchase of the travel trailer was a "consumer transaction" within the meaning of La RS 51:1402 (3);

52.     The manufacture of the travel trailer and its wholesale sale to Camping World RV Sales was engaging in "trade" or "commerce" by the Defendant within the meaning of La RS 51:1402 (10);

53.     The sale of the travel trailer by Defendant Jayco to its authorized dealer, knowing it would be sold to the ultimately consumers, in this case, the Plaintiffs,  with Defendant Jayco being conclusively presumed to know of the defects under Louisiana law,  was an unfair or deceptive act or practice in the conduct of trade or commerce and therefore unlawful, as set forth in La RS 51:1405 (1);

54.     As a result of the use of the unfair or deceptive acts or practices, the Plaintiffs have suffered ascertainable loss of money or moveable property, the purchase price of the travel trailer described herein, and have suffered actual damages including loss of the purchase price and all surrounding expenses of the sale, mental anguish, inconvenience, and humiliation, and upon award of those damages are entitled to an award of reasonable attorney fees and costs as described in La RS 51:1409 (A).

## VI.   Damages

55.     The conduct described above has been and is producing and is the proximate cause of damages to Plaintiffs.

56.     Plaintiffs' damages include rescission of the sale and return of the purchase price, including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, expenses for preservation of the vehicle, including insurance costs, damages, general damages as defined by Louisiana law, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of sale or  judicial demand, whichever is applicable, until paid, and for all costs of these proceedings.

57.     The damages Plaintiffs have suffered as a direct and proximate result of Defendants' actions exceed $50,000.00.

## VII.    Request for Rescission

58.     Plaintiffs seek the remedy of rescission of the sales contract.

59.     Plaintiffs revoke their acceptance of the travel trailer for the reason that its defects substantially impair its use, value, and safety to Plaintiffs and the acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of the Defendants that the defects in the travel trailer would not be substantial and would be repaired, and no reasonable prudent buyer would have purchased the travel trailer with knowledge of these defects prior to the sale. Accordingly, Plaintiffs seek a cancellation of the sales contract and the Retail Installment Contract and Security Agreement and an order of the court restoring to them the money obtained by Defendants, as a result of the false representations and breaches of express and implied warranties as set forth above.  Plaintiffs also seek cancellation of the debt and offer to return the travel trailer to the Defendants.

## VIII.    Attorney Fees and Costs

60.     Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX.    Prayer for Relief

61.     For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

-14-

a.      For general, special and actual damages according to proof at trial;

b       Rescinding the sale of the  new  2018 Eagle 336FBOK Fifth wheel, VIN 1UJCJ0BV6J1WL0166, and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.      For incidental and consequential damages according to proof at trial;

d.      Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e.      Any diminution in value of the  attributable to the defects;

f.      Past and future economic losses;

g.      Prejudgment and post-judgment interest;

h.      Attorney fees;

I.      Costs of suit, expert fees and litigation expenses; and

j.      All other relief this Honorable Court deems appropriate.

## X.    Demand for Jury Trial

62.    Plaintiffs hereby demand trial by jury to the extent authorized by law.

**FRED A. PHARIS**
of **PHARIS LAW OFFICES**
831 DeSoto Street
Alexandria, LA  71301
Telephone:  (318) 445-8266
Fax: (318) 445-5981
email: fpharis@pharislaw.com
LA Bar Roll No. 1536
**ATTORNEY FOR GEORGE AND DEBRA MCCARTY**

-15-